JUDGE PETERS
delivered the opinion op the court.
This suit was brought by appellee against appellants on the 21st of March, 1872, to foreclose a mortgage purporting to have been executed by one Samuel C. McDowell to appellee on the 1st day of March, 1858, to secure a debt alleged to be owing by the former to the latter, and due -the day after the date of the mortgage, on a tract of about one hundred and thirty acres of land in Garrard County.
It appears from the evidence that W. H. Robinson, for himself and as agent for his brother and sister, sold the land to McDowell by executory contract in 1853 for nineteen hundred and fifty dollars. One third of said sum to have been paid at the date of the contract, one third twelve months thereafter, and the residue in two years thereafter; only a part of the purchase-money was paid, but how much had been paid prior to that time does not satisfactorily appear.
*41 McDowell continued in possession of the land until he sold it by executory contract in 1859 to one Swope for about two thousand eight hundred dollars, in three payments: the first to be paid down, and the residue in one and two equal annual installments; and it appears that Swope paid to the Robinsons the purchase-money owing to them by McDowell, and to save expense, and at the request of McDowell, the Robinsons conveyed the land to Swope; that said Swope for a valuable consideration sold and conveyed the land to Askin and wife on the 11th of January, 1866, and on the 1st of March of the last-named year Askin and wife conveyed it tó Bettis for a valuable consideration, and he was in possession at the institution of the suit.
A short time before the institution of this suit McDowell died insolvent, in Boyle County, and administration was granted on his effects by the county court of that county to John L. Spears, at the February term, 1872, of said court.
The several vendees of the land entered into possession under their respective purchases, and have held it continuously ever since, and all of them deny notice actual of said mortgage until the institution of this suit. They allege that they had no knowledge of the existence of said debt or mortgage, and that if it in fact ever had an existence it has long since been paid. They also allege that McDowell was for many years after he had purchased said land solvent and able to pay said debt, and it appears that Swope owed him the greater part of the purchase-money until he sold the land to bis vendee; and no reason is alleged or attempted to be shown for the protracted indulgence extended by Allen to McDowell.
The court below adjudged a foreclosure and sale of as much of the land as should be sufficient to pay Allen the amount claimed by him; and to reverse that judgment this appeal is prosecuted.
*42 "When McDowell made the mortgage to appellee he owed his vendors, the Robinsons, the larger part of the purchase-money, more than the amount claimed in the mortgage; and upon the sale of the land to Swope by McDowell, Swope paid the Robinsons the full amount of the unpaid purchase, and having extinguished their lien, he obtained the legal, title to the land. Having discharged the prior lien on the land, .he would, if the legal title had not been conveyed to him, have been entitled to have the prior lien assigned to him, or to have -been substituted in place of the holders of that lien.
The mortgage to Allen only passed to him an equitable title to the land; the Robinsons’ equitable lien for their unpaid purchase-money was prior in time to his and enforceable; and when Swope paid the money, he having a right to be substituted to the prior equity, and having by the conveyance from the Robinsons obtained the legal advantage, a court of equity will not deprive him nor his vendees of their legal advantage in favor of an equity which is subsequent to and not more meritorious than that acquired by Swope by paying the purchase-money to the Robinsons. (Russell v. Petree, 10 B. Mon. 186; Vanmeter v. McFadden et al., 435.)
But there is another aspect in which the case should be considered. The land passed by various sales to seyeral purchasers, all of whom paid the full value for it, and respectively took possession and held under their purchases for over fourteen years without an assertion of a claim or a warning from appellee that he had an unsatisfied debt against McDowell, and looked to the land for its payment. During the greater part of the time, if not up to the time of his death, McDowell was good for the amount, and appellee never made an effort to foreclose his mortgage until after McDowell was dead, and now seeks to subject the land to his stale claim in the hands of a purchaser for a valuable consideration, when the proof of payment, if it ever existed, was lost to appellants.
*43 The circumstances under which this claim is brought forward at this late period do not recommend it to the favorable consideration of the chancellor.
Wherefore the judgment is reversed, and the cause is remanded with directions to dismiss the petition.